<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| L.L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 24cv09 (EP) <br><br> **OPINION** |

**PADIN**, **District Judge.**

Plaintiff, who suffers from various mental impairments, appeals from the Social Security Administration's ("SSA") denial of disability insurance benefits ("DIB") pursuant to Titles II and Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*, (the "Act"). D.E. 1. For the reasons below, the Court will **AFFIRM** the SSA's decision.[1]

**I.      BACKGROUND**

  **A.   Plaintiff's Application**

Plaintiff filed a protective DIB application on September 16, 2019, alleging disability beginning April 25, 2019. R. 15.[2] SSA denied the application on December 26, 2019, and again upon reconsideration on March 13, 2020. *Id.* At Plaintiff's request, Administrative Law Judge Donna A. Krappa (the "ALJ") conducted a hearing on October 7, 2020 (the "First Hearing"). *Id.* Plaintiff was found not disabled in a decision dated August 24, 2021. *Id.* The decision was remanded for further consideration and a supplemental hearing was held on November 10, 2022

---

[1] The Court decides the appeal without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).
[2] "R." denotes the administrative record. D.E. 5.

(the "Second Hearing"). *Id.* On January 4, 2023, the ALJ found that Plaintiff was not disabled and denied Plaintiff's application. *Id.* at 31.

### B. The ALJ's Five-Step Sequential Evaluation Process

To qualify for DIB, a claimant must show that he is disabled within the meaning of the Act. 42 U.S.C. § 423(a)(1)(E). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." § 423(d)(1)(A); *see Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). The individual's physical or mental impairment, furthermore, must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.*

The Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

Here, that is not at issue; the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of April 25, 2019.[3] R. 18.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three. Here, the ALJ found the following severe impairments: major depressive disorder, anxiety with panic disorders, and psychological insomnia. R. 18.

At step three, the ALJ decides whether the plaintiff's impairment(s) meets or equals the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. § 404.1520(d). If so, the plaintiff is presumed to be disabled if the impairment(s) has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509. Otherwise, the ALJ proceeds to step four. Here, the ALJ found that Plaintiff did not, for any of the conditions in step two, have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. R. 20.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step. Here, the ALJ found that Plaintiff had the RFC to "perform the physical demands of work at all exertional levels as defined under the Regulations," but specified that with respect to mental demands, Plaintiff:

> is able to perform jobs: that are simple and repetitive; that are low stress (that is, these jobs require only an occasional change in the

---

[3] Plaintiff's date last insured is December 31, 2024. R. 18.

>work setting during the workday, only an occasional change in decision making during the workday, and, if production based, production is monitored at the end of the day rather than consistently throughout it); and that require no more than occasional contact with supervisors and coworkers, and no contact with the general public.

R. 22.

At step five, the ALJ must decide whether, considering the plaintiff's RFC, age, education, and work experience, the plaintiff can perform other jobs that exist in significant numbers in the national economy. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Here, the ALJ determined that Plaintiff could not return to her past relevant work but could perform other occupations that exist in significant numbers in the national economy, including: hand packager, mail sorter, labeler, packager, garment sorter, and inspector. R. 29-30.

The ALJ explained that she relied upon the testimony of vocational experts ("VEs") at the First Hearing and the Second Hearing to determine what jobs existed in the national economy. *Id.* at 30. The ALJ further found that the VEs' testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* at 31. Plaintiff previously objected to the testimony of VEs explaining that she could perform "detailed" tasks. *Id.* The ALJ overruled Plaintiff's objections. *Id.*

### C. Plaintiff Appeals

On January 2, 2024, Plaintiff filed this appeal. Plaintiff's brief followed. D.E. 11 ("Pl. Br."). Defendant, the SSA Commissioner, opposes. D.E. 13 ("Opp'n). Plaintiff replies. D.E. 14 ("Reply"). Plaintiff's appeal is limited to one argument: that the VEs' testimony conflicted with

one another and created a conflict between Plaintiff's RFC and the reasoning level requirements of the jobs in the national economy adopted by the ALJ. Pl. Br. at 20.

## II.     LEGAL STANDARD

Judicial review of an SSA determination is based upon the pleadings and administrative record. The scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the ALJ's findings of fact. *See* 42 U.S.C. § 405(g) ("The findings . . . as to any fact, *if supported by substantial evidence*, shall be conclusive") (emphasis added); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (district court has plenary review of all legal issues and reviews the ALJ's findings to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." *Id.*

To facilitate review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions with conclusory findings or which indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. And the Court must ensure the ALJ

did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

### III.   REVIEW OF THE ALJ'S OPINION

Plaintiff argues that the ALJ failed to resolve conflicts between the VE testimony and the DOT. Pl. Br. at 18. Plaintiff observes that the available jobs identified by the VEs have a reasoning level of 2, requiring the person be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Id.* at 19. This, Plaintiff avers, conflicts with the VE testimony regarding her inability to carry out detailed written and oral instructions. *Id.* The SSA Commissioner argues that Plaintiff has waived any objection to VE Tanya Edghill's testimony, but even if she did not, the testimony did not conflict with the DOT's definition of reasoning level 2. Opp'n at 6-7. The Court finds that no conflict exists to warrant remand.

VE Edghill was asked the following question at the First Hearing: "let's assume someone of the Claimant's [background] . . . could only do work that was simple and repetitive and work that was low stress . . . . Given that residual functional capacity, could you be a title searcher?" R. 64. Edghill responded "No . . . the title searcher is more than simple work," but further explained that there were other jobs that would fit that RFC, such as a hand packager. *Id.* Edghill confirmed that the testimony she gave was based on the DOT. *Id.* at 66. Plaintiff's counsel then asked if the "limitation to simple, repetitive tasks would preclude the ability to carry out detail[ed] written and oral instructions?" to which Edghill responded "[w]ell, there are simple tasks that are detailed, so I'm not sure what you mean counsel." *Id.* at 67. Edghill further distinguished between "specific simple tasks" and "complex, detailed tasks, which is not what we were discussing here." *Id.*

At the Second Hearing, VE Richard Oestreich, Ph.D. was similarly asked if someone with Plaintiff's background "who can perform the demands of work at all exertional levels, but only

work at simple and repetitive, that's low stress . . . . Given that residual functional capacity, would there be any jobs at the light level?" *Id.* at 2176. Dr. Oestreich provided "illustrative" examples. *Id.* Plaintiff's counsel then asked Dr. Oestreich if "the limitation to simple, repetitive tasks would preclude the ability to carry out detailed written and oral instructions?" to which he responded "[i]t would." *Id.* at 2178.

"As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT." *Zirnsak v. Colvin*, 777 F.3d 607, 617 (3d Cir. 2014) (citing SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). The ALJ is required to "(1) ask, on the record, whether the VE's testimony is consistent with the DOT, (2) 'elicit a reasonable explanation' where an inconsistency does appear, and (3) explain in its decision 'how the conflict was resolved.'" *Id.* (quoting *Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002)).

Plaintiff's focus is on an alleged inconsistency between the VEs' testimony and the reasoning level of jobs adopted by the ALJ. As noted, reasoning level 2 applies "commonsense understanding to carry out detailed but uninvolved written or oral instructions[.]" *Paula F. v. Kijakazi*, No. 21-13196, 2023 WL 3815423, at *17 (D.N.J. June 5, 2023) (quoting DOT, Appendix C, Components of the Definition Trailer (available at 1991 WL 688702)). The Court takes note of Plaintiff's counsel's omission of the word "uninvolved" when cross-examining the VEs about whether the RFC would "preclude the ability to carry out detailed written and oral instructions." R. 67, 2178. Nonetheless, whether counsel attempted to "manufacture" a conflict, Opp'n at 7, is besides the point. Ultimately, the question before the Court is whether an inconsistency exists between the DOT's definition of reasoning level 2 and the ALJ's limitation to "simple, repetitive tasks." R.67, 2178. It does not.

7

"Working at reasoning level 2 would not contradict the mandate that [Plaintiff's] work be simple, routine and repetitive." *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) (non-precedential). This is because the word "simple"—from the RFC—and "uninvolved"—from the DOT's definition—"both connote instructions that 'are not complicated or intricate.'" *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (quoting *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010)). Accordingly, the Court agrees with the SSA Commissioner that there is no conflict between the DOT definition and the RFC. Opp'n at 8.

IV.   **CONCLUSION**

For the reasons above, the Court will **AFFIRM** the SSA's decision. An appropriate Order accompanies this Opinion.

Dated:   **February 13, 2025**

/s/ Evelyn Padin
Evelyn Padin, U.S.D.J.

8